IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SANCHEZ BRADFORD | ) |
| | ) |
| v. | ) No. 3:13-01307 |
| | ) JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response (Docket No. 6) to the Motion.

For the reasons set forth herein, the Court DENIES Petitioner's Motion To Vacate (Docket No. 1). Accordingly, this action is DISMISSED.

Also pending before the Court is Petitioner's Application To Proceed Without Prepaying Fees Or Costs (Docket Nos. 2, 11). The Court finds that the Petitioner is a pauper and the Application is granted on that basis.

II. Procedural and Factual Background

Petitioner pled guilty, pursuant to a Plea Agreement, to possession with intent to distribute a quantity of powder cocaine and marijuana, and at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Docket Nos. 1, 56, 57, 71 in Case No. 3:09-00083). Through the Plea Agreement, the parties agreed that the Petitioner qualified as a Career Offender, and that the recommended advisory guideline sentencing range was 188 to 235 months of imprisonment. (Docket No. 57 in Case No. 3:09-00083).

The Court subsequently sentenced the Petitioner to a total sentence of 188 months. (Docket Nos. 66, 67, 72 in Case No. 3:09-00083). The Petitioner appealed the conviction and sentence, and the Sixth Circuit affirmed the judgment on July 8, 2011. (Docket No. 73 in Case No. 3:09-00083).

The Petitioner subsequently filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the United States Sentencing Guidelines that implemented the Fair Sentencing Act of 2010 by lowering the base offense level for individuals convicted of offenses involving cocaine base. (Docket No. 75 in Case No. 3:09-00083). The Court denied the motion, explaining that the Petitioner's sentence was based on his status as a Career Offender rather than the quantity of cocaine base attributed to him. (Docket No. 93 in Case No. 3:09-00083). The Petitioner appealed that decision, and the Sixth Circuit affirmed. (Docket No. 99 in Case No. 3:09-00083).

Petitioner filed the pending Section 2255 Motion To Vacate on November 25, 2013. (Docket No. 1).

### III. Analysis

A. The Petitioner's Claims

The Petitioner contends that his conviction and sentence should be vacated because trial counsel was ineffective in failing to raise issues concerning the Fair Sentencing Act of 2010.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Statute of Limitations

In its Response, the Government contends that the Petitioner's Motion is barred by the one-year statute of limitations applicable to actions brought pursuant to 28 U.S.C. § 2255. Subsection (f) of Section 2255 establishes the one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applying Subsection (f)(1) here clearly indicates that the statute of limitations has expired for Petitioner's Section 2255 Motion. According to the Sixth Circuit, the "date on which the conviction becomes final," under Subsection (f)(1) means "at the conclusion of direct review." 28 U.S.C. § 2255; Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). When a defendant appeals to the court of appeals, the judgment of conviction becomes final for purposes

4

of Section 2255 upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); Johnson v. United States, 457 Fed. Appx. 462, 2012 WL 171379 (6th Cir. Jan. 23, 2012).

In this case, the deadline for filing a petition for writ of certiorari with the Supreme Court expired on October 7, 2011, ninety days after the Sixth Circuit issued its decision on July 8, 2011. See Sup. Ct. R. 13.1, 13.3 (time does not run from date mandate issued). As noted above, Petitioner's Motion in this case was not filed until November 25, 2013, over two years after the one-year statute of limitations deadline. Accordingly, this action is barred by the statute of limitations.

In any event, the Court notes that even if the statute of limitations were not applied to bar the Petitioner's Motion To Vacate, the Petitioner is not entitled to relief on his claim. As discussed above, both this Court and the Sixth Circuit have held that the Petitioner's sentence was based on his status as a Career Offender rather than the quantity of cocaine base attributed to him. (Docket No. 93 in Case No. 3:09-00083). Therefore, the Fair Sentencing Act of 2010 does not apply to reduce the Petitioner's sentence, and counsel for Petitioner was not ineffective for failing to raise such an issue. See, e.g., Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998)(Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's Motion To Vacate should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE